UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **HEAVENLY RX, LLC,** | |
| Plaintiff, | Civil Action No. 3:20-cv-00018 |
| v. | District Judge _____ |
| **CAUSEMEDIC, LLC,** | Magistrate Judge _____ |
| Defendants. | |

# COMPLAINT

Plaintiff, HEAVENLY RX, LLC (hereinafter "Plaintiff" or "Heavenly"), by and through undersigned counsel, hereby sues Defendant, CAUSEMEDIC, LLC (hereinafter "Defendant" or "Causemedic") for damages and in support thereof alleges the following:

## PARTIES, JURISDICTION, AND VENUE

1. Heavenly is a limited liability company organized and existing under the laws of the state of Florida, with its principal place of business located at 2300 East Las Olas Blvd, Fort Lauderdale, FL 33304.

2. At all times material hereto, Causemedic was and is a limited liability company organized and existing under the laws of the state of Colorado with its principal place of business located in Denver, Colorado at 3500 Rockmont Dr. Suite 2201, Denver, CO 80202. Causemedic also operates an office located at 428 E. Scott Ave. #B6 Knoxville, TN 37917, and is authorized to do business in Tennessee.

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

1

4. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

5. Plaintiff is in the business of investing in companies within the industry of consumer products, such as Causemedic.

6. Plaintiff's parent company, Heavenly RX Ltd., and Causemedic were previously involved in a dispute filed in the United States District Court for the Eastern District of Tennessee at Knoxville on October 30, 2019, Case No. 3:19-cv-432, pursuant to which a certain settlement agreement was executed on November 15, 2019 and a certain Promissory Note (hereinafter the "Note"), Exhibit A hereto, was executed simultaneously whereby Defendant promised to pay Plaintiff the principal sum of Two Hundred Thousand and 00/100 Dollars ($200,000.00) on or before December 15, 2019 for the repayment of monies advanced to the benefit of Defendant. In the event of Defendant's default of its obligations under the Note, interest and other charges, including but not limited to reasonable attorney's fees and all other costs of collection, became immediately due and payable by Defendant to Plaintiff from the date of such default.

7. As of the date of the filing of this Complaint, Defendant has failed to tender any payment of the principal amount due under the Note.

8. As a result of Defendant's breach of the Note, Defendant is obligated to pay Plaintiff the principal sum of Two Hundred Thousand and 00/100 Dollars ($200,000.00), plus pre-judgment and post-judgment interest, from the date of default thereon at the rate of 10% per annum (or the maximum rate allowed by law if this rate is lower than 10%), costs and reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

2

4832-6295-8000v1
2950985-000002
Case 3:20-cv-00018-TAV-HBG   Document 1   Filed 01/09/20   Page 2 of 4   PageID #: 2

9. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in an amount to be proven at trial of no less than Two Hundred Thousand and 0/100 Dollars ($200,000.00).

## COUNT I – BREACH OF PROMISSORY NOTE

10. Plaintiff re-alleges and re-asserts the allegations set forth in paragraphs 1-9 above as if fully repeated verbatim herein.

11. On November 15, 2019, the Defendant executed the aforementioned Note in favor of Heavenly.

12. Pursuant to the Note, Defendant is required to pay the liquidated damages, plus interest, and Plaintiff's costs and reasonable attorney's fees upon Defendant's breach of the Note. As of the date of the filing of this Complaint, the balance due and owing under the Note is an amount not less than Two Hundred Thousand and 0/100 Dollars ($200,000.00), plus interest and fees accruing thereon.

13. The Note provides, among other factors, the principal obligation shall be due and payable to Heavenly on or before December 15, 2019.

14. The Note further provides that if Defendant fails to pay any outstanding principal on the date of default, interest shall accrue on all amounts due under the Note at the rate of 10% per annum or at the highest rate permitted by law if it is lower than 10%.

15. Heavenly demanded payment due of Two Hundred Thousand and 0/100 Dollars ($200,000.00) when payment was not made consistent with the terms of the Note.

16. Defendant has defaulted on its obligations pursuant to the express terms of the Note by failing to tender to Heavenly the entire principal balance of the Note on or before December 15, 2019.

17. Heavenly has incurred, and will continue to incur, attorney's fees and expenses related to collection efforts, including, but not limited to, continuing fees and costs incurred by prosecution of this legal action, until all amounts due and owing have been paid in full.

18. All conditions precedent, if any, to Defendant's performance in making payment under the Note have been satisfied by Heavenly.

19. Defendant has failed to respond to any attempts to collect the amount owed and continues to be in breach of the Note.

WHEREFORE, Plaintiff demands judgment against Defendant for the full amount of its damages, including pre-judgment and post-judgment interest, collection costs, reasonable attorney's fees, litigation costs, and all other and further relief which this Court deems just and proper.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

s/ K. Stephen Powers
K. Stephen Powers, BPR #7088
Travis Holly, BPR #23289
633 Chestnut Street, Suite 1900
Chattanooga, Tennessee 37450
(423) 209-4130 (phone)
(423) 209-4113
(423) 752-9518 (facsimile)
spowers@bakerdonelson.com
tholly@bakerdonelson.com